UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUNIOR CERDES** | **CIVIL ACTION** |
| **VERSUS** | **NO:     06-0922** |
| **CUMMINS DIESEL SALES CORPORATION, ET AL** | **SECTION: "B" (4)** |

### ORDER

Before the Court is a **Motion for Reconsideration of Magistrate Judge Roby's 26 October 2006 Order (doc. #20)** filed by the plaintiff, Junior Cerdes, requesting that this Court reconsider its earlier order issued on October 26, 2006 denying his motion for leave to file excess interrogatories. The defendants, Cummins Diesel Sales Corporation, Cummins, Inc., Cummins Mid-South, LLC, and Cummis Mid-South, Inc. (collectively "Cummins," filed an opposition memorandum.

### I.     Background

Cerdes filed this putative class action in the 24th Judicial District Court for Jefferson Parish on behalf of himself and all persons in Louisiana that purchased a specific type of aftercooler equipped engine manufactured by Cummins Diesel. Cerdes contends that the aftercooler equipped engines were defectively designed because condensation forms in the aftercooler from the decrease in the air temperature. Cerdes further contends that this condensation then blows through the intake air system into the engine causing damage to the pistons, liners, bearings, and other components.

The defendants then removed the matter to this Court on the basis of diversity jurisdiction. After removal, the defendants answered denying liability.

On October 17, 2006, Cerdes filed an unopposed motion for leave to filed a total of 69 interrogatories on the defendants as well as leave to file a potentially unlimited number of interrogatories in the future. The motion for leave was denied. The Court concluded that (1) Cerdes failed to provide the Court with good cause as required by Rule 33.1, (2) Rule 33.1 does not contemplate the propounding of an unlimited number of interrogatories, and (3) because the parties had not yet had a class certification hearing, any merits based discovery was inappropriate.[1]

Cerdes then filed the subject motion for reconsideration contending that this Court should reconsider its earlier order because it now provides the necessary good cause under Rule 33.1. He does, however, withdraw his request to propound an unlimited number of interrogatories. Cummins filed an opposition memorandum indicating that it opposes the proposed interrogatories because many of them relate to the merits.

## II.  Standard of Review

The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider. *See Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5 Cir.1985). However, the Fifth Circuit has treated motions to reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending upon the time at which the motion is filed. *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5 Cir.1990). In this case, the motion was filed within ten days of this Court's decision and is therefore considered a motion to alter or amend judgment under Rule 59(e). *See id.*

Courts in this District have used this standard when ruling on motions to reconsider non-

---

[1] The proposed discovery contained both merits based and certification based interrogatories.

dispositive pre-trial motions. *See Seneca Resources Corp. v. Superior Diving Co., Inc.*, CIV.A.05-250, 2006 WL 2568053 (Sep. 5, 2006) (analyzing motion to reconsider the denial of summary judgment under Rule 60(b) because it was filed after ten days of the entry of an order); *Harveston v. Falcon Workover Co., Inc.*, CIV.A.96-4172, 1998 WL 166209, (E.D.La. April 8, 1998) (analyzing motion to reconsider trial continuance under Rule 59(e)); *Freeport-McMoran Sulphur LLC v. Mike Mullen Energy Equipment Resource,* CIV.A.03-1496, 2004 WL 1488665 (E.D.La. June 30, 2004) (analyzing motion to reconsider this Court's conclusion about whether certain documents are privileged under the Rule 59(e) standard). Thus, although the Rule speaks in terms of judgment, courts use the same standard when reconsidering pre-trial non-dispositive motions.

A court's reconsideration of a prior order is an extraordinary remedy which should be used only sparingly and should not be used to relitigate old matters, raise new arguments, or present evidence that should have been raised in the earlier motion. A Court can entertain a motion for reconsideration if the moving party satisfies at least one of the following four criteria: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. *Gregg v. Weeks Marine, Inc.*, CIV.A.99-1586, 2000 WL 802865, at * 2 (E.D.La. May 26, 2000).

### III. Analysis

#### A. Grounds for Reconsideration

Cerdes contends that because his original motion was unopposed, he considered his motion a mere formality and therefore did not specifically detail the grounds supporting his assertion of good cause. He contends he now provides good cause in support of his motion.

Cummins notes that since the propounding of the discovery the parties have agreed to limit the discovery to certification based discovery. Cummins then contends this Court should not

reconsider its earlier order and that instead, Cerdes should withdraw its discovery because it contains merits based discovery.

The Court notes that Cerdes has not satisfied any of the criteria for the Court to grant a motion for reconsideration. He has not argued the motion is necessary to correct a manifest error of fact or law, nor has he argued that he presents newly discovery evidence. Further, he has not argued that the motion is necessary to prevent a manifest injustice or that his motion is justified by an intervening change in the controlling law. Instead, he has simply stated grounds that should have been provided in his original motion for leave.

However, under a broad reading Cerdes may be attempting to argue that because he has shown good cause, the Court should grant his motion to correct a manifest error of fact. To allay any doubt that the mover should not simply seek leave from the Court to propound the same set of proposed interrogatories on Cummins, the Court turns to whether he has satisfied the requirements of good cause.

### B.   Good Cause

Cerdes contends that good cause exists to propound more than 25 interrogatories because this is a complex case in terms of engineering, mechanics, technology, and number of engines sold. He further contends that many of these issues are more efficiently explored through written discovery. He also contends that the proposed discovery may have some overlap of merit and certification issues, but that "defense counsel will certainly ensure that plaintiff does not over reach." Finally he contends that limiting the discovery would result in unnecessary delay, inconvenience, and expense. Even if the Court considers Cerdes's grounds for good cause, the motion should be denied. The Court notes that even after this Court concluded that merits based discovery was inappropriate, the proposed interrogatories still contain merits based discovery. Indeed, its argument

that excess interrogatories are warranted because of the technical nature of the design of the engine is merits based. It is not the job of the Court on a motion for reconsideration to pick through 69 interrogatories and determine which ones are related to certification based discovery. Thus, to the extent that Cerdes seeks reconsideration to correct a manifest error of fact, the motion for reconsideration is denied.

Accordingly,

**IT IS ORDERED** that Cerdes's **Motion for Reconsideration of Magistrate Judge Roby's 26 October 2006 Order (doc. #20)** is **DENIED**.

New Orleans, Louisiana, this 20th day of December 2006.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**