UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JUNIOR CERDES, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED** | * * | **CIVIL ACTION** |
| | * | **NO. 06-922** |
| **VERSUS** | * | |
| | * | |
| **CUMMINS DIESEL SALES CORPORATION, ET AL.** | * | **SECTION "B"(4)** |

## ORDER AND REASONS

Considering the Special Master's Report and Recommendations (Rec. Doc. No. 139) on the pending Motion for Attorney Fees and Class Representative Incentive Award (Rec. Doc. No. 114), the objections thereto (Rec. Doc. Nos. 135 and 136), the responses to those objections (Rec. Doc. Nos. 137 and 138), the oral argument held on January 13, 2010, and the applicable law, and for the reasons that follow,

**IT IS ORDERED** that the Motion for Attorney Fees and Incentive Award to Class Representative (Rec. Doc. No. 114) is **GRANTED IN PART** and **DENIED IN PART**.

### *BACKGROUND*

Cummins Diesel Sales Corporation ("Cummins") manufactures and sells boat engines. In 2000, Junior Cerdes, a commercial shrimp boat owner, bought two Cummins 6C diesel engines equipped with seawater aftercoolers. Cerdes alleges that the aftercoolers blew condensation into the engines' power cylinders, resulting in excessive wear and premature engine failure. On January 27, 2006, Cerdes sued Cummins and its local distributor. Cummins then

removed the case to this Court. On April 25, 2006, Cerdes moved for class certification. Discovery proceeded, and by late 2007, the parties had progressed toward, but had not yet reached, a class settlement. One of the substantive issues that continued to divide the parties was how much Cummins would compensate the plaintiffs' attorneys for their attorneys' fees and expenses.

The logjam broke in the summer of 2009. The parties agreed that class members (as defined in the settlement agreement) would be entitled to modifications of their boats or, in certain circumstances, reimbursement for money that they had paid fixing the problem. Cummins also agreed to pay reasonable attorneys' fees and expenses, as well as an incentive for Cerdes (as class representative) to be determined by the Court. As the Settlement Agreement stated:

> Class Counsel may seek an award of reasonable attorneys' fees, costs, and out-of-pocket expenses for work on the Action and this proposed settlement. The amount of the fees, costs, and out-of-pocket expenses, if any, shall be determined solely and exclusively by the Court.
> ***
> Class Counsel may seek, on behalf of the Class Representative, a reasonable incentive award for work by the Class Representative on the Action and this proposed settlement. Any such incentive award shall be solely and exclusively determined by the Court.[1]

The Court preliminarily approved the settlement, and plaintiffs then moved for the Court to determine the compensation issues. On October 26, 2009, the Court appointed John Perry as Special Master to make recommendations concerning the pending Motion for Attorney

---

[1] Settlement Agreement § VII, p.14.

Fees and Incentive Award (Rec. Doc. No. 114). The parties submitted evidence and legal memoranda, which the Special Master reviewed. On November 18, 2009, the Special Master circulated a draft version of his report and recommendations to the parties and invited comments. The parties submitted further memoranda, and the Special Master then submitted his final Report and Recommendations (Rec. Doc. No. 139) to the Court. The parties then filed objections (Rec. Doc. Nos. 136 and 138) to the Special Master's Report and Recommendations.

The principal issue here is the reasonableness of Plaintiffs' request for compensation. Courts utilize one of two methods to determine reasonable attorneys' fees. The first is the percentage method (sometimes called the blended percentage method), which bases the attorneys' fee on a percentage of monetary recovery. The second is the lodestar method, which roughly multiplies a reasonable number of hours by a reasonable billing rate for each timekeeper (potentially with some adjustments). Plaintiffs contend that the Court should employ the percentage method. The Special Master disagrees and instead recommends the lodestar method; the Court agrees with that recommendation.

## *STANDARD OF REVIEW*

The Fifth Circuit requires district courts to employ the lodestar method in assessing attorneys' fees in class actions. *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 228 (5th Cir. 2008) (quoting *Strong v. BellSouth Telecomms., Inc.*,

137 F.3d 844, 850 (5th Cir. 1998)). Determining a reasonable attorneys' fee under the lodestar method involves two steps. *Id.* First, the Court must calculate the reasonable number of hours expended on the underlying class action litigation and the reasonable hourly rate for each participating attorney; the number of hours is then multiplied by the hourly rate to determine the appropriate fee, also known as the lodestar amount. *Id.* Second, the Court must review the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) to determine whether the lodestar amount should be adjusted upward or downward.[2] *Id.*

"'[A] district court's award of attorney's fees [is reviewed] for an abuse of discretion, and . . . the factual findings upon which the district court bases its award of attorney's fees, including the determination of the number of hours reasonably expended on the litigation, [are accepted on appeal] unless they are clearly erroneous.'" *Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999) (quoting *Brady v. Fort Bend County*, 145 F.3d

---

[2] These twelve factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

691, 716 (5th Cir. 1998)). Although there is a strong presumption that the lodestar initially calculated in the first step is reasonable, *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006) (citing *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)), the Court must still consider the twelve *Johnson* factors in step two. The Court must explain how each of these twelve factors affects the lodestar amount; though the Court need not be "meticulously detailed" in its analysis, it must articulate and clearly apply the twelve *Johnson* factors. *Id.* (quoting *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 823 (5th Cir. 1996)). As the Fifth Circuit has explained, "'[W]e will not require the trial court's findings to be so excruciatingly explicit in this area of minutiae that decisions of fee awards consume more paper than did the cases from which they arose.'" *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995) (quoting *Blanchard v. Bergeron*, 893 F.2d 87, 89 (5th Cir. 1990)).

*ANALYSIS*

I.  Step One: Calculating the Lodestar Amount

   A.  **Number of Hours Reasonably Expended**

Plaintiffs' counsel has submitted voluminous time records in support of the motion for attorneys' fees. The Court must determine whether these records reflect that Plaintiffs' counsel exercised billing judgment. *See Saizan*, 448 F.3d at 800. For Plaintiffs to meet this burden, the time records submitted cannot contain "redundant, unproductive, or excessive" hours billed. *See*

*Abner v. Kansas City S. Ry. Co.*, 541 F.3d 372, 377 (5th Cir. 2008).

The Court must determine whether the hours expended by Plaintiffs' counsel were reasonable in view of the associated tasks. This Court's review of the time records submitted by Plaintiffs reveals instances of duplicative hours on the same tasks and excessive hours on other tasks. As a result, proper billing judgment was not exercised here, and this Court finds that an overall 10% reduction in the fee sought by Plaintiffs is appropriate. *See id.; Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996) ("The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment.")

Plaintiffs' counsel also request an award for 500 hours of future work resulting from implementation of the class action settlement. The settlement here is largely prospective in nature, requiring class members to submit claims forms and petition for modification of their boats or, in certain circumstances, monetary recovery. The parties expressly intended and realized when executing the settlement that more work must be done by class counsel over the next ten years in related claims processing and administration. As such, the Court finds an award of 500 future work hours to be reasonable; further, these 500 hours should be multiplied by a blended rate of $300 per hour, to account for the reality that not all of this work will be performed by partners.

**B. Reasonable Hourly Rate for Each Participating Attorney**

The Court finds the rates of $400 per hour for partners, $200 per hour for associates, and $80 per hour for paralegals to be appropriate as the prevailing rates based on the experience, ability, and reputation of the attorneys here and based on this Court's experience with rates charged in this regard in other cases.

**II. Step Two: Applying the *Johnson* Factors**

Having calculated the lodestar benchmark, the Court must now scrutinize this amount under the twelve *Johnson* factors. The Court may implement an upward or downward adjustment based on the following twelve factors: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. The Court should pay special attention to its evaluation of the time and labor involved; the customary fee; the amount involved and result obtained; and the

experience, reputation, and ability of counsel. *Saizan*, 448 F.3d at 800 (quoting *Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998)). The Court should not adjust the lodestar due to one of these twelve factors if the initial creation of the lodestar amount already took that particular factor into account, as that would be impermissible double counting. *Id.*

### A. Time and Labor Required

The time sheets submitted by Plaintiffs' counsel reveal that more than 2,700 hours were entered (prior to the 10% reduction imposed by the first step of the above lodestar analysis). Considering the small size of the Plaintiffs' two firms, which employ seventeen attorneys total, and the relatively short time span of this litigation, it appears to the Court that this litigation has constituted a major undertaking for the Plaintiffs' firms. Defendant Cummins was represented by two firms as well, but they employ well over 800 attorneys total; this stark contrast in Plaintiffs' versus Defendant's attorney numbers indicates that the resources that Defendant Cummins was able to marshal required Plaintiffs' counsel to expend a significant effort to respond appropriately.

### B. Novelty and Difficulty of Issues

This is not a routine products liability case. Plaintiffs' counsel worked to gather evidence as to the alleged product defect, which was denied by Cummins, through discovery and investigation and spent significant amounts of time negotiating settlement. The

nature of the alleged defect and the nature of the consumer of the allegedly defective product have both made this case a somewhat difficult one to settle, but the parties nonetheless crafted an innovative settlement agreement to compensate fairly the class members that was able to account for the difficult facts that (1) many of Cummins' engines are no longer in the hands of the initial purchasers and (2) many class members have already modified their boats to fix the problem allegedly caused by the defect.

### C. Skill Required

For the same reasons just stated in the previous section, resolution of this litigation required a great deal of skill and innovative legal thinking on the part of both Plaintiffs' and defense counsel.

### D. Preclusion of Other Employment

This factor speaks to the concern that an attorney might have to turn away potential clients and cases due to the consumption of his/her time and resources by the litigation here. Plaintiffs' counsel fail to meet their burden of demonstrating that this factor has been met.

### E. Customary Fee

This factor was already accounted for in Step One while determining the lodestar benchmark amount.

### F. Whether Fee Is Fixed or Contingent

The Supreme Court has rejected consideration of the contingent nature of an attorney's representation. *See City of Burlington v.*

*Dague*, 505 U.S. 557, 567 (1992) (holding that "enhancement for contingency is not permitted under" fee-shifting statutes allowing for award of "reasonable attorney . . . fees"). The Fifth Circuit has recognized this holding. *See Rutherford*, 197 F.3d at 193. While Plaintiffs' counsel argue that these cases involved fee-shifting statutes -- the Solid Waste Disposal Act, 42 U.S.C. § 6972(e), and Clean Water Act, 33 U.S.C. § 1365(d), in *City of Burlington* and Title VII in *Rutherford* -- they have failed to state why fee-shifting authorized by statute should be treated differently from fee-shifting authorized by contract when the language requiring "reasonable attorney's fees" is identical in both. Accordingly, the Court will not consider the existence of a contingency fee arrangement here.

**G. Time Limitations Imposed by Clients or Circumstances**

The circumstances of the settlement agreement impose time limitations here. The settlement agreement requires Defendant Cummins to modify boats that have not yet manifested problems, reimburse owners for modifications already performed, or fund repairs to already-damaged engines. As such, the nature of the problem makes Cummins' exposure grow worse as time passes. Thus, moving the case along quickly has enhanced the chance for settlement by making a fair settlement cheaper and therefore more palatable to Cummins.

**H. Amount Involved and Results Obtained**

While Defendant Cummins correctly notes that this action did

not "change the law" in any meaningful respect, the settlement reached was not only fair to Cummins but also quite beneficial to the class. Plaintiffs' counsel therefore deserve credit in this regard for their efforts in achieving such a good result for their clients.

**I.     Experience, Reputation, and Ability of Attorneys**

This factor was already accounted for in Step One while determining the lodestar benchmark amount.

**J.     Undesirability of the Case**

This factor is meant to reward attorneys who accept cases that virtually no one else will and to compensate them for the social stigma assumed by these attorneys, usually in the civil rights context. *See Cooper v. Pentecost*, 77 F.3d 829 (5th Cir. 1996). An upward adjustment is rarely given under this factor, and, in any event, such an award would be inappropriate here.

**K.     Nature and Length of Professional Relationship with Client**

The rationale behind this factor is to compensate attorneys who have discounted their fees to longstanding clients. *See Johnson*, 488 F.2d at 719. Although Plaintiffs' counsel contend that one of them has known the class representative for many years, the considerations underlying this factor, i.e., compensation of attorneys who have undercharged a longstanding client, are not present here. As such, the Court will not apply this factor.

**L.     Awards in Similar Cases**

Parties cited to cases similar to this one in their briefs to the Special Master, who is intimately familiar with the history of this litigation. The Special Master made an initial recommendation of a multiplier of 2.0 in a draft report and recommendation submitted to the parties, and the parties submitted additional authorities to the Special Master in light of that draft. The Special Master then adjusted the multiplier to 2.5 in light of the additional authority submitted.

The Court finds that, based on the Special Master's close familiarity with the attorney's fees aspect of this case, his review of the jurisprudence cited to him by the parties, and this court's evaluation of the twelve *Johnson* factors, the 2.5 multiplier recommended by the Special Master is appropriate.

**III. Expenses**

Defendant Cummins suggests that Plaintiffs' counsel are entitled only to those expenses normally associated with court costs. The settlement agreement, however, broadly states that "Class Counsel may seek an award of reasonable attorneys' fees, costs, and out-of-pocket expenses for work on the Action and this proposed settlement." As such, the Court finds the $75,946.85 sought by Plaintiffs' counsel to be a fair and appropriate award for expenses here.

**IV. Class Representative Incentive Award**

The Court finds the Special Master's $7,500 incentive award to the class representative to be reasonable and fair in light of the

circumstances of this case and sustains that recommendation.

**V.  Summary**

The following is a summary of the awards of attorney's fees and class representative incentive owed by Defendant Cummins:

| Timekeeper | Hours | Hourly Rate | Reasonable Fee |
|---|---|---|---|
| Robert H. Murphy | 527.55 | $400 | $211,020.00 |
| Peter B. Sloss | 4.75 | $400 | $1,900.00 |
| Gary J. Gambel | 943.85 | $400 | $377,540.00 |
| Jennifer N. Willis | 843.35 | $400 | $337,340.00 |
| Samuel O. Buckley, III | 96.10 | $400 | $38,440.00 |
| Mark T. Mahfouz | 2.20 | $200 | $440.00 |
| Emily Stevens Hardin | 2.30 | $200 | $460.00 |
| Donald R. Wing | 5.90 | $200 | $1,180.00 |
| Stephen S. Kreller | 108.75 | $200 | $21,750.00 |
| Esther A. Redmann | 27.50 | $200 | $5,500.00 |
| Timothy D. DePaula | .40 | $200 | $80.00 |
| William P. Buckley | 203.75 | $200 | $40,750.00 |
| Paralegals | 102.45 | $80 | $8,196.00 |
| TOTAL ATTORNEY FEES: | | | $1,044,596.00 |
| 10% Reduction (-$104,459.60) | | | $940,136.40 |
| Multiplier of 2.5 | | | $2,350,341.00 |
| Future Hours (500 x blended rate of $300/hour) | | | $150,000.00 |
| Expenses | | | $75,946.85 |
| Class Representative Incentive | | | $7,500.00 |
| **GRAND TOTAL:** | | | **$2,583,787.85** |

New Orleans, Louisiana, this 14th day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE